United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ This Order Relates to: *Tech Data Corp.; Tech Data Product Management, Inc. v. AU Optronics Corp., et al.,* C 11-5765 *ViewSonic Corp., Inc. v. AU Optronics Corp., et al.,* C 12-0335 SI _____/ | No. M 07-1827 SI MDL. No. 1827 Case Nos. C 11-5765; C 12-0335 SI **ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS LG DISPLAY AMERICA, INC. AND LG DISPLAY CO., LTD.'S COUNTERCLAIMS AND STRIKE THEIR DEFENSES CONCERNING DUPLICATIVE RECOVERY** |

Currently before the Court are Plaintiff ViewSonic's and Plaintiff Tech Data's separate motions to dismiss LG Display America, Inc and LG Display Co., LTD.'s counterclaims and strike defenses concerning duplicative recovery. Pursuant to Civil Local Rule 7-1(b), the Court found these matters suitable for disposition without oral argument and therefore VACATES the hearings currently scheduled for February 1, 2013 (Tech Data's motion) and February 15, 2013 (ViewSonic's motion). Having considered the moving papers and the arguments of the parties, and for good cause appearing, the Court hereby GRANTS the motions. Docket Nos. 7090 and 7528.

Plaintiffs seek to dismiss the counterclaims that LG has asserted to avoid so-called "duplicative recovery" and to strike LG's defenses regarding the same. Tech Data Motion at 2.[1]

As the Court has held numerous times before, LG has not provided a legal basis, under federal or state law, for its "violation of laws of duplicative recovery" defense or for its related counterclaims.

---

[1] ViewSonic and LG have stipulated to incorporate and apply briefing from Tech Data's motion, LG's Opposition, and Tech Data's Reply concerning the same issues. *See* Docket No. 7536.

*See* Order Granting Rockwell Automation's Motion to Dismiss LG Display America, Inc. and LG Display Co., Ltd.'s Counterclaims and Strike their Defenses Concerning Duplicative Recovery, Docket No. 7512 (citing prior Orders addressing this issue); *see also* Docket Nos. 6833 and 5795; *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1143, 1156 (N.D. Cal. 2009) ("Duplicative recovery is, in many if not all cases alleging a nationwide conspiracy with both direct and indirect purchaser classes, a necessary consequence that flows from indirect purchaser recovery.") (quoting *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d. 1072, 1089 (N.D. Cal. 2007)). The Court finds no reason to depart from its previous rulings. Accordingly, the Court GRANTS plaintiff's motion. Docket Nos. 7090 and 7528.

**IT IS SO ORDERED.**

Dated: January 23, 2013

SUSAN ILLSTON
United States District Judge